**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RAMADAN T SHABAZZ d/b/a KICKZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-232-P** |
| | § | |
| **ACE PROPERTY & CASUALTY INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant Ace Property & Casualty Insurance Company's Motion to Dismiss ("Motion to Dismiss" or "Motion") [doc. 13], filed April 6, 2026. Having carefully considered the Motion, Response, Reply, and applicable law, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

## I. RELEVANT FACTUAL BACKGROUND

On March 2, 2026, *pro se* Plaintiff Ramadan Shabazz d/b/a Kickz ("Plaintiff" or "Shabazz") filed a Complaint against Ace Property & Casualty Insurance Company ("Defendant"). On March 24, 2026, Plaintiff filed an Amended Complaint seeking both declaratory relief and money damages for Defendant's alleged breach of its duty to defend Plaintiff in an underlying personal property damages suit captioned *Slooth, Inc. v. Kickz*, No. 4:26-CV-0035-P, 2026 WL 803474 (N.D. Tex. Mar. 23, 2026) (hereinafter referred to as "Slooth case"). (Plaintiff's Amended Complaint ("Pl's Am. Compl.") at 1-2; *see also* Plaintiff's Complaint at 1-4.) In the Slooth case, Slooth Inc. ("Slooth") sued Shabazz for personal property damage to "specialized computer server equipment entrusted to [Shabazz's] care, custody, and control,"

which was allegedly caused by an accidental fire at Shabazz's property. (Slooth's Complaint ("Slooth's Compl." [doc. 1] at 1.)[1] Slooth brought the following claims against Shabazz: 1) negligence, 2) negligent bailment, and 3) premises liability. (Slooth First Amended Complaint [doc. 8] at 2-3.) The Slooth case was dismissed without prejudice in accordance with Federal Rule of Civil Procedure ("Rule") 41(b) after Slooth failed to obey this Court's orders to obtain counsel. (*See* Order Accepting Findings, Conclusions, and Recommendation of The United States Magistrate Judge in Slooth case [doc. 15] at 1.) In the current case, Plaintiff asserts the following claims against Defendant: 1) breaching the insurance policy (the "Policy") by failing to defend Plaintiff against Slooth in the Slooth case, 2) violating the Texas Insurance Code through its "conduct", and 3) breaching its duty of good faith by denying coverage. (*See* Pl.'s Am. Compl. at 2.) Defendant moves to dismiss all of Plaintiff's claims under Rule 12(b)(6).

## II. LEGAL STANDARD

Rule 12 (b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This Rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the

[1] In the Slooth case, Slooth filed an Amended Complaint that only included jurisdictional allegations and contained no cause of action or facts supporting a cause of action. (*See* Slooth's Amended Complaint ("Slooth's Am. Compl.") at [doc. 8] 1-2.) As such, the Court, like the parties, analyzes Slooth's original Complaint, as relevant Defendant's duty to defend, which does contain factual allegations. *See Am. Econ. Ins. Co. v. Scottsdale Ins. Co.*, No. 1:14-CV-188, 2015 WL 12764955, at *9 (S.D. Tex. Oct. 29, 2015) (stating that "[t]he duty to defend is [usually] evaluated against the most recent amended pleading in the case and only that pleading").

complaint in favor of the plaintiff. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)). If a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 566 (5th Cir.2003).

## III. DISCUSSION

### A. Count I: Declaratory Judgment

To begin with, Plaintiff "seeks a declaration that Defendant owes [Plaintiff] a duty to defend." (Pl.'s Am. Compl. at 2.) Declaratory relief is a form of relief that depends on the success of underlying claims. *See Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990). Thus, when a Court determines "that none of Plaintiffs claims can withstand dismissal . . . requests for declaratory and injunctive relief . . . cannot survive." *Johnson v. Wells Fargo Bank, NA,* 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014). As discussed below, the Court is recommending dismissal of all of Plaintiff's other claims. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss as to Plaintiff's request for declaratory judgment be **GRANTED** and such claim be **DISMISSED WITH PREJUDICE**.

### B. Count: II: Breach of Contract

Plaintiff's claim for breach of contract is premised on "Defendant breach[ing] the Policy by failing to provide a defense" to Plaintiff in the Slooth case. (Pl.'s Am. Compl. at 2.) Defendant argues that Plaintiff's claim fails because Defendant had no duty to defend Plaintiff in the Slooth case. (*See* Def.'s Br. at 5.)

Under Texas law, insurance carriers have a duty to defend an insured when a third party sues the insured on allegations that state a cause of action within the scope of the insurance policy. *Willow Bridge Prop. Co., LLC v. Arch Specialty Ins. Co.*, No. 3:24-CV-0029-D, 2024 WL 5240154, at *6 (N.D. Tex. Dec. 27, 2024). "In determining a duty to defend, [Texas Courts] follow the eight-corners rule, also known as the complaint-allegation rule: an insurer's duty to defend is determined by the . . . plaintiff's pleadings [in the case in which the insured has been sued],

considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008) (citation and quotation marks omitted). Courts "resolve all doubts regarding the duty to defend in favor of the duty . . . and [courts] construe the pleadings liberally[.]" *Id.* Even so, "[i]f the [complaint] only alleges facts excluded by the policy, the insurer is not required to defend." *Fid. & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982). "Insurance policies are contracts." *Harken Expl. Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 n.3 (5th Cir. 2001). "Since insurance policies are contracts, we construe them using ordinary rules of contract interpretation." *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 831 (Tex. 2009). Further, as with any contract, "[t]he interpretation of an insurance policy is a question of law." *Cal-Dive Intern., Inc. v. Seabright Ins. Co.*, 627 F.3d 110, 113 (5th Cir. 2010).

The parties appear to agree that whether Defendant breached the Policy and owed Plaintiff a duty to defend him in the Slooth case depends on if the following exclusion applies:

> **B. Exclusions**
>
> **1. Applicable To Business Liability Coverage**
>
> This insurance does not apply to:
>
> . . . .
>
> **k. Damage To Property**
>
> "Property damage" to:
>
> . . . .
>
> (4) Personal property in the care, custody or control of the insured. . . .

(Defendant's Brief in Support of Motion to Dismiss ("Def.'s Br.") at 6 (quoting Defendant's Exhibit A at Businessowners Coverage Form at 41)(emphasis in the original).) Slooth's Complaint

alleged Shabazz owed Slooth damages because of the "destruction" of "computer server equipment entrusted to [Shabazz's] care, custody, and control." (Slooth Compl. [doc. 1] at 1.) The Slooth Complaint further described these destroyed electronics as "tangible personal property." (*Id.*) These allegations fall squarely within the plain meaning and scope of the above exclusion, even under a liberal reading of the complaint.

In response, Plaintiff appears not to contest that the exclusion applies to Slooth's negligent bailment cause of action. (*See* Plaintiff's Amended Response ("Pl.'s Am. Resp.") at 3-4.) However, Plaintiff argues that the exclusion does not apply to Slooth's premises liability and negligence causes of action. (*See* Pl.'s Am. Resp. at 4.) Thus, Plaintiff argues that Defendant still had a duty to defend him. (Pl.'s Am. Resp. at 4 ("The care, custody, or control exclusion bars coverage for 'personal property in the care, custody or control of the insured.' It does not bar coverage for claims arising from the insured's failure to maintain safe commercial premises.").) However, the eight-corners rule requires this Court to look at the *facts*—not legal theories—of the underlying pleading. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004). In this case, the facts alleged by Slooth fall clearly within the Policy exclusion because the damages alleged in the Slooth Complaint all arise from the destruction of the computer and server equipment described as personal property, which were in the care, custody, and control of Shabazz. (*See* Slooth Compl. [doc. 1] at 1-3.) In this case, the legal theory leading to such damages is irrelevant to the Policy exclusion's application. *See Northfield Ins. Co.*, 363 F.3d at 528.

Based on the foregoing, because the Policy expressly excludes personal property in the "care, custody and control" of Plaintiff, Defendant had no duty to defend Plaintiff in the Slooth case. Thus, the Court **FINDS** and **CONCLUDES** that Plaintiff has failed to state a claim for breach of contract. Consequently, the Court **RECOMMENDS** that Defendant's Motion to

Dismiss be **GRANTED** as to Plaintiff's breach of contract claim and that such claim be **DISMISSED WITH PREJUDICE.**

### C. Counts III and IV: Texas Insurance Code Violation and Bad Faith Claims

Plaintiff's Amended Complaint also alleges that Defendant violated Texas Insurance Code § 541 and § 542 and violated its duty not to act in bad faith. (*See* Pl.'s Am. Compl. at 2.)[2] In its Motion, Defendant argues that Plaintiff's claims under chapters 541 and 542 of the Texas Insurance Code and claim for bad faith fail because Defendant owed no duty to defend and ,therefore, did not breach the Policy by failing to defend Plaintiff. (*See* Def.'s Br. at 7-9.) Generally, "[w]here there is no breach of the insurance policy, there can be no violation of the Insurance Code." *Roland v. Transamerica Life Ins. Co.*, 570 F. Supp. 2d 871, 879 (N.D. Tex. 2008), *aff'd*, 337 F. App'x 389 (5th Cir. 2009). Similarly, "[i]n most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Bernstien v. Safeco Ins. Co. of Illinois*, No. 05-13-01533-CV, 2015 WL 3958282, at *2 (Tex. App.—Dallas June 30, 2015, no pet.). As set forth above, the Court had already determined that Defendant did not breach the insurance contract. Thus, the Court **FINDS and CONCLUDES** that Plaintiff has failed to state a claim for violations of the Texas Insurance Code and for bad faith. Consequently, the Court **RECOMMENDS** that Defendant's Motions to Dismiss be **GRANTED** as to Plaintiff's Texas Insurance Code claims and bad faith claim and that such claims be **DISMISSED WITH PREJUDICE**.

---

[2] Plaintiff, in the Amended Complaint in this suit, fails to specify which subsections he is proceeding under, and fails to allege facts (beyond his general denial of coverage allegations) to support the conclusion that Defendant violated the Texas Insurance Code. (*See* Pl.'s Am. Compl. at 1-2.)

## IV. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant Ace Property & Casualty Insurance Company's Motion to Dismiss [doc. 13] be **GRANTED** and that all claims against such Defendants be **DISMISSED WITH PREJUDICE.**[3]

**NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Findings, Conclusions, and Recommendation where the disputed determination is found. Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29

[3] As set forth above, a dismissal with prejudice is appropriate when amending a complaint would be futile, *Schiller*, 342 F.3d at 566, or "if the court determines the plaintiff has alleged his best case." *Jones*, 188 F.3d at 327. The Court finds that Plaintiff has plead his best case because Plaintiff amended his complaint prior to the Court considering Defendant's motions to dismiss. Further, any further amendments would be futile because Plaintiff cannot change the facts alleged in the Slooth case nor can he change the language in the policy.

(5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **August 10, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 27, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE